The Union Pacific Railroad Company, *Appellee,* v. The Ellsworth Mill & Elevator Company, *Appellant.*

No. 17,012.

SYLLABUS BY THE COURT.

Jury Trial—*Justice of the Peace—Appearance of Defendant—Right to Appeal.* The statute giving a right to trial by jury in justices courts reads: "In all civil actions, after an appearance of the defendant and before the justice shall proceed to inquire into the merits of the cause, either party may demand a jury." (Jus. Civ. Code, § 95.) The justices act also provides that no appeal shall be allowed from the judgment of a justice of the peace in jury trials where neither party claims more than $20. (Jus. Civ. Code, § 132.) *Held,* that where the defendant makes no appearance the plaintiff has no right to a jury trial, and can not, by demanding and obtaining one, deprive the defendant of his right to appeal.

Appeal from Ellsworth district court. Opinion filed April 8, 1911. Affirmed.

*Samuel E. Bartlett,* for the appellant.

*R. W. Blair,* and *B. W. Scandrett,* for the appellee; *Ira E. Lloyd,* of counsel.

The opinion of the court was delivered by

MASON, J.: The Ellsworth Mill & Elevator Company sued the Union Pacific Railroad Company before a justice of the peace for $20. The defendant made no appearance. The plaintiff asked and obtained a jury, upon whose verdict a judgment was rendered against the defendant. The defendant tendered an appeal bond but the justice refused to act upon it, on the ground that the case was not appealable. The plaintiff attempted to enforce the judgment but the defendant procured a permanent injunction against it. This appeal is brought to determine whether the judgment of the justice was rightfully enjoined. The statutes involved read:

"In all civil actions, after an appearance of the defendant and before the justice shall proceed to inquire into the merits of the cause, either party may demand a jury to try the action, which jury shall be composed of six good and lawful men, having the qualifications of jurors in the district court, unless the parties shall agree on a less number." (Jus. Civ. Code, § 95.)

"An appeal may be taken from the final judgment of a justice of the peace in any case except . . . in jury trials where neither party claims in his bill of particulars a sum exceeding twenty dollars." (Jus. Civ. Code, § 132.)

The question is whether the clause, "after an appearance of the defendant" (§ 95), is a limitation on the right to demand a jury or a mere direction as to the order of procedure. In this connection it is important to observe that the section of the statute first quoted is that by which the right to a trial by jury in a justice court is conferred. The other sections on the subject merely relate to procedure. We think, since the right to a jury originates in the provision that either party

may demand it "after an appearance of the defendant," the fair inference is that unless the defendant does appear no jury is to be called.

Juries were not a part of the machinery of justices courts at the common law (Thomp. & Mer. Juries, § 10); nor originally (save in special proceedings) under the Ohio statute, from which our law is derived. In 1840 an act was passed by the Ohio legislature the object of which, as expressed in its title, was "to allow juries before justices of the peace." (38 Laws Ohio, p. 27.) A part of the first section read:

"In every civil action, hereafter to be brought before a justice of the peace, excepting such as are now tried by a jury, it shall be lawful for either of the parties thereto, or the agent of either of them, after an appearance by defendant, and before the court shall proceed to inquire into the merits of the cause, to demand of said court, that such action be tried by a jury; provided, that no such demand shall be made, unless the defendant shall dispute the plaintiff's claim or the plaintiff shall dispute the defendant's defense."

This language showed clearly a purpose that no jury should be called unless the defendant not only appeared, but made an actual contest. It was replaced in the course of a revision in 1853 by a section substantially the same as that of our justices' code, already quoted. (51 Laws Ohio, p. 195.) At page 101 of the eighteenth edition of Swan's Treatise on the laws of Ohio, relating to justices of the peace, it is said, citing this section: "No jury can be demanded if the defendant does not appear."

New Jersey has substantially the same statute, its exact language being:

"In every action it shall and may be lawful for either of the parties, after the defendant has appeared or put in his plea to such action, and before the said justice has proceeded to inquire into the merits of the cause, to demand a trial by jury, which the said justice is hereby required to grant." (2 Gen. Stat. of N. J. p. 1871, § 33.)

Railroad Co. v. Mill Co.

Under this section it has been held that no venire for a jury should be awarded where the defendant does not appear. (*Keen v. Scull*, [N. J. 1809] Penning. 409; *Wills v. M'Dole*, 5 N. J. Law, 501.)    In the case last cited it was said:

"The defendant did not at any time appear before the justice; but the plaintiff requested and the justice issued a venire, which was regularly served and the jury appeared on the day set for the trial.   The issuing of this venire was certainly irregular, and had the cause been tried by it, would have been proper ground for reversal.   But the justice seems to have been aware that he had committed a blunder, and as the defendant did not appear on the day of trial he conducted the cause as if no venire had been granted." (p. 501.)

It is true that in justices courts there is no judgment by default, although certain allegations are taken as true unless denied under oath.   The plaintiff therefore is required to prove his case, even where no resistance is made.   If the right to a jury trial were inherent there would be good ground for the contention that notwithstanding the absence of the defendant the plaintiff should be allowed to submit his evidence to a jury rather than to the justice, although as a practical matter the character of the tribunal is not very important where no one is objecting to a judgment.   But as the right to a jury originates in the statute authorizing either party to demand one after an appearance by the defendant, such an appearance must be deemed a prerequisite to the exercise of the right.

In the present instance the plaintiff in the action before the justice of the peace could not, by demanding a jury, to which it was not entitled, deprive the defendant of the right to appeal from the judgment.   The tender of a sufficient bond perfected the appeal in legal contemplation, and vacated the judgment, the enforcement of which was therefore properly enjoined.

It may be suggested that if the plaintiff can obtain a jury trial only by demanding it after the defendant

has appeared, and before the trial has begun, the defendant can deprive him of the right entirely by waiting until the trial has begun and then appearing and contesting the claim. Doubtless in such a case the plaintiff would have the right to have the trial begun anew, and to have a jury called if he should so desire.

The judgment of the district court is affirmed.